UNITED STATES of America for the Use and Benefit of CIRCLE–L–ELECTRIC COMPANY, a partnership, Plaintiff,

v.

HYDE CONSTRUCTION COMPANY, Inc., a corporation, United States Fidelity and Guaranty Company, a corporation, National Surety Corporation, a corporation, and Aetna Casualty and Surety Company, a corporation, Defendants.

Civ. No. 5994.

United States District Court
N. D. Oklahoma.

Sept. 13, 1966.

See also D.C., 255 F.Supp. 335.

Knight & Wilburn, Tulsa, Okl., for plaintiff.

David Sanders, Tulsa, Okl., Clyde J. Watts, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the plaintiff's motion to amend to conform to the evidence after judgment, the Court, after receiving briefs and oral arguments from both sides, finds that said motion should be granted.

The plaintiff in this case seeks recovery against the defendants under the Miller Act, 40 U.S.C. § 270a et seq., on seven

items. The Court denied the plaintiff recovery on five of these items in a Memorandum Opinion filed herein on the basis that these five claims were without merit for reasons set out therein. By one of the seven items the plaintiff claimed a balance of $2451.64 was due it on the base contract. The defendants admitted this balance to be due and unpaid on the base contract but denied that plaintiff was entitled to recover the same under the Miller Act due to the one-year limitations provision therein. Recovery was denied on this item or claim because the plaintiff failed to meet the said limitations provision of the Miller Act. On the remaining item the Court found in favor of the plaintiff for expenses incurred by it in preparing certain lift drawings directed by the defendant Hyde Construction Company (Hyde) but not required by the specifications or contract papers in the amount of $6,320.38. But because of the limitations provision of the Miller Act the Court denied a recovery on this item in favor of the plaintiff.

Plaintiff asserts in its motion now under consideration that under the evidence it established not only its right to recover under the Miller Act but such evidence also established plaintiff's right to recover against the defendant Hyde alone on state grounds for breach of contract in not paying the $2451.64 balance on the base contract and failing to pay the plaintiff the sum of $6,320.38 due it on the lift drawings as found by the Court. Plaintiff's motion is aimed at bringing the pleadings into conformity with the evidence and obtaining a judgment against the defendant Hyde in the amount of $8,772.02 on state grounds of recovery under the exercise of pendent jurisdiction.

The defendant Hyde contends that because the plaintiff did not assert its non-federal claim or grounds of recovery in its pleadings, at the pre-trial or at the trial itself, the plaintiff is not now entitled to amend its pleadings to conform to the evidence and assert state grounds of recovery herein at this late hour. In effect the defendant Hyde requests the Court not to exercise pendent jurisdiction herein under the circumstances of this case.

In Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, pendent federal jurisdiction over non-federal claims is said to exist where two distinct grounds in support of a single cause of action are alleged only one of which presents a federal question, and the federal question averred is not plainly wanting in substance, even though not established. Pendent jurisdiction is then exercised by disposing of the case upon the non-federal ground.

The Court finds that the plaintiff's claim herein against the defendants under the Miller Act was not wanting in substance even though adversely determined. Next, the Court finds that the plaintiff's claim against the defendants is a single cause of action resulting from the contract relations between the plaintiff and the defendant Hyde. Thus, the two requisites of pendent jurisdiction are satisfied in this case. 28 U.S.C. § 1338 (b); 5 A.L.R. 3rd 1040, at pages 1051–1052. The Court further finds that the evidence in the case in support of the plaintiff's Miller Act claim also constitutes the required evidence to support a claim of the plaintiff against Hyde on state grounds for breach of contract. The Court further finds that under Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff's motion to amend its pleadings to conform to the evidence, so as to include the state claim and recovery thereunder should be and the same is hereby granted. In this connection, however, the Court feels in fairness and justice that the defendant Hyde should be permitted to assert now, any defenses it may have, other than those heretofore considered by the Court in connection with plaintiff's claim for recovery on state grounds as to the $2451.68 balance due on the base contract and the $6,320.38 due on lift drawings.

The Court recognizes that the pendent jurisdiction now being utilized by the Court under these circumstances

is not universally supported by the cases. This is to say, that it appears with reference to Miller Act cases that one court has found it is proper to exercise pendent jurisdiction on the state grounds of recovery notwithstanding an adverse finding on the federal claim,[1] and another court in granting summary judgment on the federal claim, refused to exercise pendent jurisdiction on the state claim for the reason that to do so would leave for trial matters lacking in fundamental jurisdictional requisites.[2] 5 A.L.R.3d 1040, at page 1114. As to this conflict in the cases, our Circuit not having ruled on this point, this Court adopts the rule that in a proper case pendent jurisdiction should be exercised in a claim involving the Miller Act as the federal claim and a breach of contract as the state claim. Brown & Root, Inc. v. Gifford-Hill & Company, (Fifth Cir.-1963) 319 F.2d 65.

The next problem herein involves the fact that the plaintiff did not assert its state claim or grounds of recovery in its pleadings, at the pre-trial or at the trial and now, under Rule 15(b) seeks to bring the same into play in this case. Again the cases are in conflict with reference to this situation. 5 A.L.R. 3d 1040. One case holds that it is entirely proper to exercise pendent jurisdiction on the state claim, even though the state claim was not mentioned in the pleadings, at the pre-trial or at the trial itself. Bucky v. Sebo, (2 Cir.-1953) 208 F.2d 304. Another case refused to exercise pendent jurisdiction with the statement that the plaintiff predicated his claim on the theory that his cause of action arose under the constitution and the laws of the United States and, with the federal claim being without merit, pendent jurisdiction should not be exercised. Georgia v. Wenger, (7 Cir.-1951), 187 F.2d 285, cert. denied 342 U.S. 822, 72 S.Ct. 41, 96 L.Ed. 621, rehearing denied 342 U.S. 874, 72 S.Ct. 105, 96 L.Ed. 657. As to this conflict in the cases, our Circuit not having ruled on this point, this Court

adopts the more liberal rule which will afford complete relief in the case and will exercise pendent jurisdiction by allowing the amendment to the pleadings desired by the plaintiff with the defendant Hyde having the right and opportunity to assert any defenses it might have which have not heretofore been considered by the Court.

In view of the foregoing, the Court hereby grants the plaintiff's motion to amend to conform to the evidence after judgment and allows the defendant Hyde 15 days from the date hereof in which to assert any defenses not heretofore considered by the Court. The plaintiff's Motion for a New Trial filed at the same time it filed its said motion to amend will be stricken without prejudice to being refiled as to all claims after the further judgment of the Court is entered herein, in view of the foregoing action taken by the Court.

---

1. Brown & Root, Inc. v. Gifford-Hill & Company, (Fifth Cir. 1963), 319 F.2d 65.

2. United States for Use of Flow Engineering, Inc. v. Continental Casualty Co. (D.C. N.J. 1961), 195 F.Supp. 177.