**NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS, Respondent,**

v.

**Joseph M. SHUSTER, Appellant.**

**No. C1–84–1778.**

Court of Appeals of Minnesota.

April 2, 1985.

Faegre & Benson by James B. Loken, Brian B. O'Neill, Minneapolis, for respondent.

Maun, Green, Hayes, Simon, Johanneson & Brehl by Richard D. Donohoo, Candice M. Hojan, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

**OPINION**

NIERENGARTEN, Judge.

Appellant Joseph Shuster appeals from an order dated August 31, 1984, denying his motion to amend his answer and counterclaim. We affirm.

**FACTS**

In October 1974, respondent Northwestern National Bank of Minneapolis (Northwestern), commenced this suit against appellant Joseph Shuster for recovery on two promissory notes. On June 19, 1978, after nearly four years of discovery, Northwestern amended its complaint to add estoppel as a basis for recovering on one of the two notes.

On September 21, 1978, Shuster responded by bringing a motion to amend his answer and counterclaim. Shuster's amended counterclaim was not in response to Northwestern's amendment but, instead, was the result of additional discovery. In response, Northwestern served a set of interrogatories and filed its opposition to Shuster's motion arguing the proposed pleading went beyond Shuster's initial counterclaim filed in 1974.

A district court judge considered these motions at an unrecorded pretrial conference and ruled that the trial of Northwestern's main case should be heard and the issue of Shuster's counterclaim would be deferred. Trial commenced November 17, 1978. Judgment dismissing Northwestern's claims was entered on June 5, 1980. On appeal, the supreme court held for Northwestern on one note and, accordingly, affirmed in part and reversed in part the trial court's judgment. *See Northwestern National Bank of Minneapolis v. Shuster*, 307 N.W.2d 767 (Minn.1981).

The trial court then entered an amended judgment on November 18, 1981, in accordance with the supreme court's decision. Shuster attempted to vacate the judgment by arguing that no judgment could be entered without an "express determination" prescribed in Rule 54.02 because his counterclaim was still pending. On December

14, 1981, the same district court judge ordered that a money judgment be entered in Northwestern's favor and further that Shuster's order to show cause have no further force or effect. An amended judgment was filed on December 23, 1981. Shuster did not appeal; Northwestern appealed because no pre-judgment interest was allowed. The supreme court affirmed on July 13, 1982.

On June 28, 1983, Shuster attempted to place his amended counterclaim on the trial calendar. Northwestern objected by letter and by filing a motion to strike the action from the calendar, arguing there has never been an order granting Shuster's 1978 motion to amend his Answer and Counterclaim. The trial court denied Shuster's motion on August 31, 1984.

## ISSUE

Did the trial court abuse its discretion by denying Shuster's motion to amend his counterclaim and set it on the trial calendar?

## ANALYSIS

### I

Shuster argues that he had an absolute right to answer the amended complaint. The amendment of pleadings is governed by Rule 15, Minnesota Rules of Civil Procedure which provides in part:

[A] party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Minn.R.Civ.P. 15.01. Shuster concedes that he did not get written consent or leave of court before serving his amended answer and counterclaim. Although Northwestern served a set of Interrogatories addressed to Shuster's counterclaim and included the amended complaint in its brief to the supreme court, Northwestern has always opposed Shuster's motion.

It appears from the record that rather than ruling on Shuster's motion to amend, the district court judge simply deferred the issue and ordered the parties to trial on the main action. Shuster's proposed counterclaim raised significant new issues and was made only a few weeks before the commencement of the trial. If the amendment had been permitted, it would have been necessary to delay the trial to allow the parties additional time for discovery and to prepare for trial. *See Dale v. Pushor*, 246 Minn. 254, 262–63, 75 N.W.2d 595, 601–02 (1956). "Whether to allow an amendment is committed to the trial court's discretion." *Utecht v. Shopko Dept. Store*, 324 N.W.2d 652, 654 (Minn.1982).

The district court judge implicitly denied Shuster's motion on December 14, 1981, when it ordered that judgment be entered. After the supreme court's decision in the first appeal, Shuster argued it was improper to enter final judgment while his motion was pending without making "an express determination that there is no just reason for delay * * *." Minn.R.Civ.P. 54.02. The court ordered the entry of final judgment without making such a determination. Shuster never appealed this order. Instead, he waited until June 1983 before attempting to place the amended counterclaim on the trial calendar.

## DECISION

Trial court did not abuse its discretion when it denied a motion to amend and set for trial appellant's counterclaim.

Affirmed.