**NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS, Respondent,**

v.

**Joseph M. SHUSTER, Petitioner, Appellant.**

**No. C1-84-1778.**

Supreme Court of Minnesota.

June 13, 1986.

Richard D. Donohoo, St. Paul, for appellant.

James B. Loken, Brian B. O'Neill, Minneapolis, for respondent.

COYNE, Justice.

In 1974, Northwestern National Bank of Minneapolis brought suit to recover on two promissory notes made by Joseph M. Shuster and pledged to Northwestern by the payee, McGlynn-Garmaker Company. On December 23, 1981, judgment was entered for Northwestern on the balance due on one of the notes. This judgment was affirmed without opinion on July 13, 1982. On August 3, 1984 Shuster moved to set an amended counterclaim for trial. Treating it as a renewal of Shuster's earlier motion to amend his answer and counterclaim, the trial court denied the motion. The court of appeals affirmed, 364 N.W.2d 900. We agree that the trial court properly declined to set the counterclaim for trial and affirm.

Shuster had given the two promissory notes to the general partner of a limited partnership formed to develop an apartment complex. When the bank sued on the notes, Shuster denied liability, asserting fraud and other affirmative defenses, and also counterclaimed for $60,000 paid on one of the notes.

The matter was set for trial in January of 1977, but Shuster secured a continuance for additional discovery, indicating that he wanted to make additional claims against the bank. About one and one-half years later, on June 19, 1978, the bank moved to amend its complaint to assert estoppel as a ground for recovery on the second note; Shuster made no objection. Three months later Shuster moved for leave to amend his answer and counterclaim—the latter by asserting a new claim for damages of $3 million resulting from an alleged conspiracy between the bank and the general partner to misuse the investments of the limited partners. The bank objected to the proposed amendment.

A pre-trial conference was held in November of 1978. The court issued no written order and the conference was not recorded so the disposition of the motion to amend does not appear in the record. In any event, the case was tried by the court on the amended complaint and answer and on the original counterclaim but not on the new counterclaim. The trial court dismissed the amended complaint with prejudice but did not order judgment for Shuster on his $60,000 counterclaim. Both parties appealed. This court ruled that the bank was entitled to recover the balance remaining unpaid on the one note after crediting the $60,000 Shuster had already paid and affirmed dismissal of the claim on the second note. *Northwestern National Bank v. Shuster,* 307 N.W.2d 767 (Minn.1981).

An amended judgment, entered on November 18, 1981, was vacated when Shuster procured an order to show cause why the judgment should not be vacated "until the counterclaim in this action has been adjudicated or until further order of this Court." Citing *Financial Relations Board, Inc. v. Pawnee Corporation,* 308 Minn. 109, 240 N.W.2d 565 (1976), Shuster

argued that because his counterclaims were still at issue, final judgment could not be entered absent an express determination pursuant to Minn.R.Civ.P. 54.02, that there was no just reason for delay. Nevertheless, on December 14, 1981, the trial court ordered entry of judgment against Shuster for the unpaid balance of the one note. The order made no reference to Rule 54.02 and contained no express determination that there was no just reason for delay. Entry of the judgment was stayed for three days; the comment, "The parties are given three days to go to the Supreme Court on this matter if they desire," appears in an attached memorandum.

The bank appealed from the amended judgment entered on December 23, 1981, in which prejudgment interest, attorney fees, and costs and disbursements were all disallowed. Shuster did not appeal or seek review of the judgment; neither did he raise any issue regarding the finality of the judgment or its appealability. On July 13, 1982 this court affirmed the judgment entered on December 23, 1981. Two more years elapsed before Shuster moved to set his $3 million counterclaim on for trial and the trial court denied leave to assert the counterclaim by amendment.

██ Shuster contends that leave of the court was not prerequisite to the assertion of his new counterclaim alleging conspiracy—that because the bank amended its complaint, he had an absolute right to amend his answer. It is true that Minn.R. Civ.P. 15.01 provides that a party shall "plead in response to an amended pleading" within certain time periods, but it is generally recognized that the right is limited to the right to respond to the new allegations and to meet any new theory contained in the amended pleading. *See Chrysler Corp. v. Fedders Corp.,* 540 F.Supp. 706, 712–13 (S.D.N.Y.1982). *See also United States v. Hyde Construction Co.,* 258 F.Supp. 255, 256 (N.D.Okla.1966) (when a plaintiff is allowed to amend the complaint to conform to the evidence, the defendant should be able to assert defenses raised by the amendment not already raised or considered); and *Archie and Allen Spiers, Inc. v. United States,* 296 F.2d 757, 766 (Ct.Cl.1961) (when a plaintiff amends the complaint, changing the theory of the case, the defendant has a right to file an amended answer changing the defenses). *But see Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.,* 50 F.R.D. 415 (D.Del.1970). Rule 15.01 makes no reference to renewal of the original right to assert a counterclaim in response to an amended complaint. Rules 13.05 and 13.06, on the other hand, expressly require leave of court to assert either an omitted or an after-acquired counterclaim. The amendment of a pleading can range from a simple clarification to to a whole new theory of the case, and fairness demands recognition of the right to respond and to raise any defense to the newly pleaded material without seeking the court's permission. There is, however, no more compelling reason to accord a defendant who has waived or inadvertently lost his counterclaim by failing to set it up timely the right to assert it in an amended answer than to accord a plaintiff the unfettered right to amend his complaint. Once the time for amendment as a matter of course has expired, any party may amend his pleading to assert a new claim only by leave of court or by written consent of the adverse party. Hence, Shuster was not absolutely entitled to assert his $3 million counterclaim.

Shuster also contends that even if he was required to secure leave of the court in order to amend his answer to allege the conspiracy counterclaim, he had the trial court's permission and, in any event, justice requires that he be permitted to assert his counterclaim and to have it set on for trial. It is, however, rather late for such an argument. The pre-trial conference at which amendment was discussed was not recorded and the parties disagree about the disposition of Shuster's motion to amend. It is certain, however, that the court did not issue an order authorizing the inclusion of the new counterclaim based on conspiracy.

After trial of the bank's claim on the promissory notes, both parties appealed. Neither party saw fit to question the appealability of the judgment. *See Financial Relations Board, Inc. v. Pawnee Corp.,* 308 Minn. 109, 240 N.W.2d 565 (1976). Following that first appeal, Shuster contended that the pendency of his counterclaim precluded entry of final judgment absent an express determination pursuant to Rule 54.02 that there was no just reason for delay and he sought to have the counterclaim set for trial. The trial judge declined to set the counterclaim for trial and he ordered the entry of judgment without any qualifying language. Once again the bank appealed; this time from the judgment entered December 23, 1981. Although Minn.R.App.P. 104.01 had been amended effective January 1, 1981, to provide that the time to appeal from any judgment which adjudicates less than all the claims and the rights and liabilities of fewer than all the parties should not begin to run until entry of a judgment adjudicating all of the claims among all of the parties, once again Shuster failed to raise before this court any question of the finality of that judgment or its appealability.

■ On the record before us we are forced to conclude that the trial judge— who had conducted the pre-trial conference, the trial of the action on the notes, and the post-appeal proceedings which precipitated the second appeal—considered the case closed. In the face of the argument that entry of judgment was premature, he declined to set the counterclaim on for trial and he ordered the entry of judgment without reference to Rule 54.02. The effect was denial of leave to assert the counterclaim, yet Shuster did not in the course of the second appeal complain that the trial court had abused its discretion in that regard. Accordingly, on affirmance, the judgment of December 23, 1981, became final, thus foreclosing any further proceedings with respect to either the assertion or trial of any counterclaim.

Affirmed.