## FINANCIAL RELATIONS BOARD, INC. v. PAWNEE CORPORATION.

240 N. W. 2d 565.

April 2, 1976—No. 46120.

*Rice, Evans & Christensen* and *Robert Rice,* for appellant.
*Gray, Plant, Mooty & Anderson* and *Richard A. Bowman,* for respondent.

TODD, JUSTICE.

Financial Relations Board, Inc. (Financial) appealed from a partial summary judgment entered against it by the Pipestone County District Court. This court sua sponte issued an order on February 13, 1976, dismissing the appeal without prejudice to Financial's right to raise the issues determined by the partial summary judgment in any subsequent appeal from a final order or judgment entered in this matter. We stated in that order that this opinion would follow.

Financial's amended complaint alleged two causes of action against Pawnee Corporation (Pawnee), one based on a quantum meruit theory and one on a purported contract. The summary judgment order in this case was partial in nature, granting judgment in favor of Pawnee only on Financial's contractual claims. The order and judgment both stated:

"* * * Defendant is entitled to Judgment dismissing all of Plaintiff's claims for relief *based on the alleged written contract.*" (Italics supplied.)

The judge's memorandum made a part of the order explained:

"As the Court has found as a matter of law that there is no written contract, the Plaintiff's motion to amend and to inspect and copy records is moot as neither is necessary for the *submission of Plaintiff's case on a quantum meruit count,* which is the *only remaining count in this action.*" (Italics supplied.)

The appealability of partial summary judgments is governed by Rule 54.02, Rules of Civil Procedure, which provides:

"When multiple claims for relief or multiple parties are in-

volved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The rationale behind this rule has been explained as follows:

"The purpose of the rule is to prevent piecemeal appeals and to protect a party from the prejudice which may result from an adjudication of less than all of the claims or of less than all of the rights and liabilities of all of the parties." 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 522.

While the trial judge in this case complied with the second requirement stated in the rule for making a partial summary judgment final and thus appealable—i. e., he directed entry of the judgment—he did not comply with the first requirement in that he did not make "an express determination that there is no just reason for delay." The word "express" in this clause is strictly followed by Federal courts in interpreting the identical language in Rule 54(b), Federal Rules of Civil Procedure. One comment on the Minnesota rule points out:

"* * * In the federal courts, such 'express' determination and direction often is in the following form: 'In accordance with Rule 54(b), it is hereby determined that there is no just reason for delay, and the entry of judgment [in favor of, etc.] is accordingly directed.' See Pabellon v. Grace Line, 191 F. 2d 169 (2d Cir. 1951), certiorari denied, 342 U. S. 893, 72 S. Ct. 201, 96 L. Ed. 669 (1952). No matter how final a judgment may look, it is not

considered appealable by the federal courts unless it was entered pursuant to both such express determination and such express direction. See Atkins, Kroll (Guam), Ltd. v. Cabrera, 277 F. 2d 922 (9th Cir. 1960)." 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 523.

For other sources stating and discussing the general rule that partial summary judgments generally are not final judgments and therefore not appealable, see 6 Moore, Federal Practice, § 56.02[12]; 10 Wright & Miller, Federal Practice and Procedure, Civil § 2715.

Counsel for Financial expressed the concern that if he did not appeal on the contract theory at this stage, he would forever forfeit that claim to relief. It is true that Rule 104.01, Rules of Civil Appellate Procedure, provides that an appeal from a "judgment" must be taken within 90 days after the entry thereof; however, Rule 104.01 refers only to a *final* judgment, not to any order or so-called judgment which is not in fact final. The clarification of this limitation inherent in Rule 104.01 was apparently a primary purpose of the statement in Rule 54.02, Rules of Civil Procedure, that "any * * * decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims." This interaction between Rule 54.02 and Rule 104.01 has been emphasized as follows:

"* * * The purpose of Rule 54.02 is to prevent piecemeal appeals and to protect the rights of all the parties until all of the claims have been adjudicated in the trial court. Since Rule 54.02 contemplates that a final judgment normally will not be entered which adjudicates fewer than all of the claims or rights or liabilities of fewer than all the parties, *the ability of a party to secure a review of an adverse determination will not be jeopardized because determination favorable to other parties will not have become final and not subject to review in the interim.*" 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 525. (Italics supplied.)

Appeal dismissed.