SANDRA E. DREW v. MARK E. DREW.

244 N. W. 2d 491.

July 16, 1976—No. 46064.

*Errol K. Kantor,* for appellant.
*Richard Meshbesher,* for respondent.

PER CURIAM.

Petitioner-mother appeals from an order of the district court awarding custody of her 2-year-old son to respondent-father. We affirm. The trial court relied on substantial testimony that the father had built a close and excellent relationship with the child and concluded that custody should be awarded to the father subject to liberal visitation with his mother. We find nothing in the record to support petitioner's contention that such a conclusion was an abuse of discretion. The trial court was well within its broad discretion in evaluating the evidence and in awarding custody. See, Minn. St. 518.17, subd. 1(a)(b); Fish v. Fish, 280 Minn. 316, 159 N. W. 2d 271 (1968); Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969); Borchert v. Borchert, 279 Minn. 16, 154 N. W. 2d 902 (1967).

Petitioner also argues that she was somehow deprived of due process because of Hennepin County's bifurcated hearing procedure which allows parties to a dissolution to stipulate to a separate, expedited hearing on custody, thus leaving issues of alimony, support, and property division pending for later disposition. This argument is plainly without merit. First, the mother here stipulated to the bifurcated hearing procedure thereby waiving any right to raise the alleged constitutional issue. Second, there is no showing that a bifurcated hearing prejudiced in any way the mother's rights to a full and fair determination of all her claims. Third, the purpose of the expedited custody hearing is to

ameliorate the stress caused to the child and the parents and to settle the issue of custody quickly so that the child may begin his adjustment to the dissolution with some degree of certainty and stability in his environment. This interest is certainly paramount to the parents' interests in their negotiating position or calendar position and, in any event, does not deny any substantial right amounting to due process of law. Affirmed.