**In the Matter of the COMMODORE HOTEL FIRE AND EXPLOSION CASE.**

No. 81–736.

Supreme Court of Minnesota.

April 23, 1982.

Edward P. Starr, City Atty., and Frank E. Villaume, III, Deputy City Atty., St. Paul, for City of St. Paul.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and Clyde F. Anderson and Laura S. Underkuffler, Minneapolis, for NSP and Grudem Bros. Co.

Jardine, Logan & O'Brien, John R. O'Brien and Pierre N. Regnier, St. Paul, Austin D. Ditzler, Minneapolis, for Summit Court, Inc.

Scholle & Scholle, Mark Scholle and Thomas L. Johnson, Minneapolis, for Grudem Bros. Co.

Robins, Zelle, Larson & Kaplan and Mark J. Feinberg, Minneapolis, for Commercial Union Ins. Co.

WAHL, Justice.

Nineteen separate lawsuits seeking money damages for personal injury and property damage arising from the fire and explosion at the Commodore Hotel on February 15, 1978, were consolidated for trial as the *Commodore Hotel Fire and Explosion Cases.* By order of the trial court, the trial was bifurcated pursuant to Minn.R.Civ.P. 42.02, with the issues of liability and damages tried separately.

Judgment as to liability was entered on March 25, 1981, and judgments as to damages were entered June 25, 1981, and July 9, 1981. The City of St. Paul (City) filed a timely notice of appeal from the judgments of June 25, 1981, and July 9, 1981, and seeks in that appeal review of issues pertaining to liability. Respondents argue that this court has no jurisdiction to review issues of liability because the appeal was taken more than 90 days after entry of the March 25, 1981, judgment. The City argues that, where the issues of liability and damages are bifurcated for trial, an appeal taken within 90 days of judgment on the damage issues, even though more than 90 days from the judgment on the liability issues, gives this court jurisdiction to review all issues. We agree with the City.

Minnesota Rules of Civil Appellate Procedure provide that an appeal may be taken within 90 days after entry of judgment. Minn.R.Civ.App.P. 103.03(a), 104.01. "Rule 104.01 refers only to a *final* judgment, not to any order or so-called judgment which is not in fact final." *Financial Relations Board, Inc. v. Pawnee Corp.,* 308 Minn. 109, 112, 240 N.W.2d 565, 566 (1976) (emphasis in original).

Minnesota Rule of Civil Procedure 54.02 provides for the entry of a final judgment as to less than all of the claims in multiparty litigation:

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.[1]

Whether a judgment determining liability of all parties is a final judgment from which an appeal must be taken, where the issue of damages remains to be tried, is a question of first impression for this court. Because the language of Minn.R.Civ.P. 42.-02 is identical to language in Rule 42(b) of the Federal Rules of Civil Procedure, we find federal cases on this question instructive.

When a separate trial in federal court determines the issue of liability, with the issue of damages to be determined later, no appeal may be taken as of right from the liability determination, because there has not been full adjudication of one entire claim. *Haverhill Gazette Co. v. Union Leader Corp.*, 333 F.2d 798, 803 (1st Cir. 1964), *cert. denied*, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964); 9 J. Moore, Moore's Federal Practice § 110.08[1] (2d ed. 1980); *See Garzaro v. University of Puerto Rico*, 575 F.2d 335 (1st Cir. 1978); *McIntyre v. First National Bank of Cincinnati*, 585 F.2d 190 (6th Cir. 1978); *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307 (5th Cir. 1976). Partial judgment of one or more, but less than all, of the claims may be appealed only upon an express determination that there is no just reason for delay and upon an express direction of the

entry for judgment pursuant to Rule 54.02, but Rule 54.02 is inapplicable in this case. Adjudication of liability, without determination of damages, is not an adjudication of even one entire claim. "The determination of liability is but one step to securing a money judgment. There cannot be a final judgment until both liability and the amount of damages are judicially determined." *Aetna Casualty & Surety Co. v. Jeppeson & Co.*, 440 F.Supp. 394, 403 (D.Nev.1977) (footnote omitted).

Both the federal rule and Minnesota rule on summary judgment provide that any partial summary judgment on the issue of liability alone is interlocutory and, therefore, not appealable: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Minn.R.Civ.P. 56.03; Fed.R.Civ.P. 56(c). Hetland and Adamson note:

Rule 56.03 clearly limits the effect of a determination that liability has been established as a matter of law and that no fact issue exists with regard to the liability issue. *Such a judgment is not a final judgment under Rule 54.01.* It is a judgment for a part of a claim and does not terminate the entire action. The order is not appealable. Determination of liability and retaining the question of the amount of damages for jury decision is a proper division of a single claim. [Citations omitted.]

2 J. Hetland & O. Adamson, Minnesota Practice, Civil Rules Annotated 573 (emphasis added). In the case before this court, the determination of the issue of liability as to all the parties is a *partial adjudication* of a claim or claims and not a *partial judg-*

---

1. In *Financial Relations Board, Inc. v. Pawnee Corp.*, 308 Minn. 109, 240 N.W.2d 565 (1976), we emphasized the interaction between Rule 54.02 and Rule 104.01 as follows:

"* * * The purpose of Rule 54.02 is to prevent piecemeal appeals and to protect the rights of all the parties until all of the claims have been adjudicated in the trial court. Since Rule 54.02 contemplates that a final judgment normally will not be entered which

adjudicates fewer than all of the claims or rights or liabilities of fewer than all the parties, *the ability of a party to secure a review of an adverse determination will not be jeopardized because determination favorable to other parties will not have become final and not subject to review in the interim.*" 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 525 (Italics supplied.) 308 Minn. at 112, 240 N.W.2d at 567.

*ment* of an entire claim. Such a judgment is not appealable.[2]

The final judgments of the claims against the City were those entered on June 25, 1981, and July 9, 1981. On the City's appeal from those judgments, this court has jurisdiction to review issues relating to the March 25, 1981, determinations of liability. Minn.R.Civ.App.P. 103.04.

The appeal will proceed according to our order of August 25, 1981.

KELLEY, J., took no part in the consideration or decision of this case.

---

2. This court may grant discretionary review, of course, in appropriate cases where the interest of justice requires immediate review of liability determinations before the issue of damages has been litigated. Minn.R.Civ.App.P. 105.