**In re the Marriage of Natalie JOHNSON, Petitioner, Appellant,**

v.

**Carl Peter JOHNSON, Respondent.**

**No. C0–84–1139.**

Court of Appeals of Minnesota.

Feb. 26, 1985.

Review Denied May 6, 1985.

Jack S. Jaycox, Nancy Murphy, Reidenberg & Jaycox, Bloomington, for appellant.

Robert J. Hajek, Katz, Lange, Davis & Manka, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

CRIPPEN, Judge.

In the first portion of a bifurcated dissolution proceeding, the trial court awarded custody of the two children to respondent, subject to extensive visitation by the mother. It also made temporary child support and maintenance awards. Natalie Johnson appeals the partial judgment. We affirm.

## FACTS

Natalie Johnson and Carl Peter Johnson were married on March 11, 1978. They have two children: Erik Peter Johnson, born July 17, 1979, and David Henrik Johnson, born December 10, 1982. Respondent is employed as an airline pilot for Northwest Airlines. He usually works from Friday through Sunday or Monday. Natalie was employed at various times during the marriage, and she stayed home at other times to care for the children.

In August 1983, the trial court issued a temporary order; appellant was given temporary custody of the children and use of the home. The father was allowed weekly visitation with the children.

Appellant has relatives in Detroit, Michigan, and had expressed interest in returning there, although she was also considering obtaining employment and living in the Twin Cities area. Respondent intends to reside in Lindstrom, Minnesota.

A bifurcated dissolution proceeding was held. In the first judgment in the proceedings, the marriage was dissolved, permanent custody of the two children was placed with the father, and extensive visitation rights were determined. The court also awarded the mother temporary child support (for care during visits) and maintenance. The final division of property, awards of maintenance, attorney fees, and all other matters relating to the finances of the parties were to be determined after the second portion of the trial.

In making the custody determination, the trial court addressed the factors listed in Minn.Stat. § 518.17, subd. 1. It found that both parties were suitable and competent parents, but awarded legal and physical custody to respondent, subject to reasonable and structured visitation by Natalie Johnson.

Visitation is dependent upon where the mother resides. If she lives in the same school district as the father, she has visitation with Erik from 9 a.m. on Friday, or the end of the school day if Erik is attending school, until 9 a.m. Tuesday. The same visitation schedule applies to David, except she is allowed to retain custody until Wednesday at 9 a.m.

If Natalie Johnson does not live within the same school district as the father, but does live within sixty miles of Lindstrom, then she is allowed visitation with both children from 9 a.m. Saturday until 8 p.m. Sunday evening. If she does not live within sixty miles of Lindstrom, then she is not allowed any weekly visitation.

In any event, Natalie is awarded visitation during certain holidays and during a six week period in the summer.

Appellant asks for review of the permanent custody and visitation provisions, and the temporary award of child support and maintenance award entered in the April 1984 judgment.

## ISSUES

1. Whether an appeal may be taken from a dissolution judgment which resolves the issue of permanent custody and visitation but reserves for later determination the division of property and the permanent award of child support and maintenance.

2. Whether the trial court erred in its award of temporary child support and maintenance.

3. Whether the trial court abused its discretion by determining that the father should have legal and physical custody of the children.

## ANALYSIS

■ 1. The general rule requires that an appeal be taken from a final judgment adjudicating all claims of all the parties. Comment to Minn.R.Civ.App.P. 104.01. This policy prevents piecemeal appeals and protects the rights of all parties until all claims have been adjudicated in the trial court. *Financial Relations Board, Inc., v. Pawnee Corp.*, 308 Minn. 109, 112, 240 N.W.2d 565, 567 (1976); 2 J. Hetland & O. Adamson, Minnesota Practice 525 (1970).

An appeal may be taken from a judgment that partially disposes of claims against the parties, if the trial court expressly determines there is no just reason for delay and expressly directs the entry of judgment. Minn.R.Civ.App.P. 104.01; Minn.R.Civ.P. 54.02. In this matter, the trial court did not expressly determine there is no just reason for delay, but it expressly directed the entry of judgment.

■ We conclude that a dissolution judgment that adjudicates issues of permanent child custody and visitation is appealable, pursuant to Minn.R.Civ.App.P. 103.03(a). This narrow exception to the general rule arises because of strong policy considerations supporting prompt determination of child custody matters. *See generally,* Minn.Stat. § 518.168(a) (1982); Minn.Ct. App.Int.R. 2.2. In *Drew v. Drew*, 309 Minn. 577, 577–78, 244 N.W.2d 491, 492 (1976), the supreme court said:

> [T]he purpose of the expedited custody hearing is to ameliorate the stress caused to the child and the parents and to settle the issue of custody quickly so

that the child may begin his adjustment to the dissolution with some degree of certainty and stability in his environment.

Here there was a full trial on the issue of child custody and visitation. Allowing an appeal from the bifurcated judgment will not prejudice the rights of either party. The emotional well-being of the children would be furthered by a prompt determination of their custody at the earliest opportunity.

A ruling on liability without a determination of damages is not an adjudication on an entire claim and is not appealable. *In re Commodore Hotel*, 318 N.W.2d 244, 246 (Minn.1982). A determination that the plaintiff has suffered no or minimal damages may render an appeal on the liability issue moot. Here, however, the appeal is from a partial judgment on all claims regarding custody and visitation. Child custody issues and financial issues are not dependent upon one another but instead are separate claims in the dissolution proceeding. A later decision on the division of property will not render an appeal from the custody determination moot.

2. The April 1984 judgment awarded temporary child support and maintenance to Natalie Johnson, and she disputes these awards. The awards are interlocutory. To obtain review of these issues, the proper appeal is from the later judgment.

3. Appellant contends that the trial court erred in its custody decision because it failed to properly consider the statutory criteria set forth in Minn.Stat. § 518.17, subd. 1 (1982). She further contends that the trial court addressed the statutory factors in such a manner as to disregard all evidence reflecting negatively on the father, and all evidence reflecting favorably on the mother. *Weatherly v. Weatherly*, 330 N.W.2d 890, 892 (Minn.1983).

A trial court has broad discretion to determine custody. *Peterson v. Peterson*, 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976). Unless the court's decision was arbitrary or a clear abuse of discretion, it cannot be set aside. *Kotila v. Kotila*, 351 N.W.2d 661, 662 (Minn.Ct.App.1984).

The trial court declined to grant joint custody because it found a lack of communication between the parties. The statute provides that where either joint legal or joint physical custody is contemplated or sought, the court should consider the ability of the parents to cooperate, methods for dispute resolution, and whether sole custody would be detrimental to the children. Minn.Stat. § 518.17, subd. 2 (1982). If they are unable to cooperate, joint custody should not be awarded. *Heard v. Heard*, 353 N.W.2d 157, 161–62 (Minn.Ct. App.1984).

Appellant criticizes several findings of the court on the award of physical custody.

The court made findings, without a factual basis, as to the "cultural" differences between the parties. The court found that the children were "inculcated" in a rural environment or culture, such that there was reason for "continuing that culture."

The court found that the children were "initiated" into certain religious practices, and that the father was more likely than the mother to "pursue" their religion. However, in an apparent anomaly, the court awarded visitation to the mother during weekends.

Finally, despite the findings of detailed faults with appellant's parenting skill, ignoring her strong points, the trial court provided for extensive "visitation" contacts between the mother and children tantamount to an award of physical custody. The mother testified she might move to Detroit if she had custody of the children, and the award has an indirect result of denying her the presumptions enjoyed by a custodial parent who has reason to move elsewhere. *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983).

Any appearance of contrived findings compels an appellate court to examine the evidence and to view the court's decision with a high degree of skepticism. *See Weatherly.* We have done that here, but

we conclude nonetheless that there was a sufficient basis in the record and in the findings to support the conclusion that custody should be placed with the father. The evidence indicates no reason to doubt a mutually beneficial bond between the children and their father, and the evidence invites no doubt about the ability of the father to provide for the physical and emotional needs of the children. The evidence supports a finding that both parents are suitable and competent to care for the children, and that the best interests of the children will be served by the placement of custody with their father. The trial court has not clearly abused its discretion.

## DECISION

The partial judgment on issues of permanent child custody and visitation is an appealable order. An appeal may not be taken from the temporary child support and maintenance awards. Finally, the trial court did not abuse its discretion in awarding sole custody of the children to the father.

Affirmed.