EMPORIUM OF JAZZ, et al.,
Respondents,

McCarty Properties, et al., Respondents,

v.

CITY OF MENDOTA, Appellant.

No. CO–85–681.

Court of Appeals of Minnesota.

Oct. 15, 1985.

Daniel J. Beeson, South St. Paul, for Emporium of Jazz, et al.

Arnold F. Kempe, West St. Paul, for McCarty Properties, et al.

Michael R. O'Brien, St. Paul, for appellant.

Heard, considered and decided by HUS-PENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Appellant City of Mendota appeals from a judgment issued after the first half of a bifurcated trial. The trial court bifurcated a trial on certain assessments levied by the City of Mendota. The trial determined two separate issues: (1) whether the city's assessment method was constitutional and proper under Minn.Stat. § 429.061 (1984) and (2) whether the specific assessments against respondents were in compliance with Minn.Stat. § 429.061. Minn.Stat. § 429.061 states that an assessment against a parcel of property may not exceed benefits to that property from the assessed improvements.

After granting appellant's motion to bifurcate, the court tried the first issue to conclusion and entered judgment finding that the sewer assessments method as to businesses along Highway 13 violated the equal protection clause of the U.S. constitution, the uniformity clause of the Minnesota constitution, and Minn.Stat. § 429.-061.

We vacate the court's judgment and remand for completion of the trial on the second issue. Upon completion of the entire trial, the court should then consider the constitutional issue.

## FACTS

On September 13, 1983, after approving installation of a new sewer system for the entire city of Mendota, the Mendota city council adopted a resolution containing an assessment roll against selected properties located on Highway 13 ("downtown") in

Mendota. Downtown contains both residential and commercial properties.

The city assessed downtown commercial properties for the lateral sanitary sewer and service lines running along Highway 13 and the lateral line connecting the downtown system to the rest of Mendota ("lowertown"). Lowertown Mendota is geographically separate from downtown Mendota.

The rest of the sewer system was funded by federal and state grants. These grants, intended to benefit lower and middle income property, were used by the city to fund the lowertown portion of the system as well as the cost for the residences and two vacant lots located on Highway 13. The Metropolitan Waste Control Commission (MWCC) funded construction of the lift station and force main connecting the city's sanitary sewer to the metropolitan area sewer system.

The city certified the assessment roll to the county auditor for inclusion on property tax statements. The assessment roll contained assessments *only* for the commercial properties on Highway 13 and vacant lots owned by the businesses on Highway 13. No other property was assessed.

At trial respondents, the businesses located on Highway 13, challenged the constitutionality of the assessments and also contended that the city assessed them in excess of the benefits they received from the system, in violation of Minn.Stat. § 429.061.

Respondents contend that the city determined the assessments by subtracting the total amount of grants received from the total cost of the sewer system. They claim the city divided the unfunded balance by the number of businesses and assessed each business accordingly. The city claims it charged the commercial property owners based on a formula of 50% for direct lateral benefit based on front footage and 50% as a sewer availability charge (SAC).

The trial court granted the city's motion to bifurcate the trial and determine the legality of the assessment process before it determined the legality of each assessment. Following the first portion of the trial, the court determined that the assessment procedure violated the equal protection clause of the U.S. constitution, the uniformity clause of the state constitution and Minn. Stat. section 429.061, vacated the assessments, and ordered the city council to reassess the properties in accordance with state law. The city appeals from the trial court's judgment.

## ISSUE

Did the trial court err in vacating the assessment on constitutional grounds prior to a trial on the issue of the legality of the individual assessments?

## ANALYSIS

At the outset we note the city appealed from a non-appealable order. The trial court entered a judgment after the first portion of the bifurcated trial. Following this appeal, the issue of the specific assessments to each commercial parcel of property still needs to be determined.

■ Minn.R.Civ.App.P. 104.01 allows a party to appeal only from a final judgment. *Financial Relations Bd., Inc. v. Pawnee Corp.*, 308 Minn. 109, 112, 240 N.W.2d 565, 566 (1976). Minn.R.Civ.P. 54.02 provides for the entry of a final judgment as to less than all of the claims in multiparty litigation:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*

■ Here the court did not make an express determination of no just reason for delay, nor did it expressly direct entry of judgment. The parties and the court intend to finish the trial after this appeal is completed. The judgment is not a final judgment, nor does it comply with the con-

ditions of Rule 54.02 for entry of a final judgment when fewer than all claims have been adjudicated. *See Matter of Commodore Hotel Fire and Explosion,* 318 N.W.2d 244 (Minn.1982) (Where issues of liability and damages were bifurcated for trial, determination of liability was a partial adjudication and not appealable.)

> The purpose of [rule 54.02] is to prevent piecemeal, multiple appeals arising from a single act and to protect a party from the prejudice that may result from adjudication of less than all of the claims or less than all of the rights and liabilities of all the parties.

2A Herr & Haydock, *Minnesota Practice, Civil Rules Annotated* 8 (1985).

Even though nonappealable, in the interest of judicial economy, we grant discretionary review of the trial court's judgment entered following the first portion of the bifurcated trial.

Following the trial on the general propriety of the assessments, the trial court vacated the assessments. The court stated as a legal conclusion that the assessment method violated the state and federal constitutions and Minn.Stat. § 429.061.

■ Appellate courts do not defer to the trial court on reviewing ultimate conclusions of law. *Durfee v. Rod Baxter Imports, Inc.,* 262 N.W.2d 349, 354 (Minn. 1978).

Here we examine both the trial court's decision to bifurcate the issues as it did and the court's conclusion of law that the assessment was unconstitutional.

■ Trials may be bifurcated where multiple claims or parties exist. A case involves multiple parties whenever more than one plaintiff or one defendant exist. Whether an action involves multiple claims presents a more difficult question. 2A Herr & Haydock, *supra,* at 8.

■ This case does present multiple parties, but there is only one real issue, the constitutionality of the assessment. The city's assessment method and the question of whether the individual assessments are in compliance with Minn.Stat. § 429.061 are intertwined and meaningful appellate review can only be granted after a complete trial on both questions.

■ Here, the trial court made a final determination on the merits with the portion of the trial on the individual assessments yet to be conducted. The court's conclusion of law and entry of judgment vacating the assessments was premature. We vacate both the conclusion of law and the judgment that the assessments are vacated and remand for completion of the trial. This order is without prejudice to the trial court's need to again consider the constitutional issue at the completion of the trial. This order is also without prejudice to the rights of either party to appeal following a final judgment.

## DECISION

The trial court prematurely vacated Mendota's assessment on constitutional grounds.

Vacated and remanded for completion of the bifurcated trial on the merits of all matters.