**ISRAELSON & ASSOCIATES, INC., Appellant,**

v.

**CARDARELLE & ASSOCIATES, INC., Bloomberg Companies, Inc., Suburban National Bank, Respondents.**

**No. C5–85–1552.**

Court of Appeals of Minnesota.

March 4, 1986.

Douglas P. Kempf, Bloomington, for Israelson & Associates, Inc.

Burton A. Thiem, Minneapolis, for Cardarelle & Associates, Inc.

James G. Penberthy, Excelsior, for Bloomberg Companies, Inc.

George C. Hoff, Hoff & Allen, P.A., Eden Prairie, for Suburban National Bank.

Considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

Israelson & Associates appeals from a judgment that its mechanic's lien was valid but subordinate to certain mortgages of respondent Suburban National Bank. The trial court bifurcated the issues of amount of the lien, interest, attorney's fees, and costs, reserving them for a later trial. We dismiss the appeal as one not taken from a final judgment.

## FACTS

Cardarelle & Associates purchased property for a residential housing development from Bloomberg Companies in May 1978, financing it with a contract for deed. Cardarelle entered into two mortgages on the property with Suburban National Bank, one dated April 18, 1979, and the other dated May 29, 1981. Israelson & Associates performed civil engineering and surveying services on the property intermittently between February 1978 and February 1984.

Israelson filed a mechanic's lien on the property on March 29, 1984, and commenced this action to foreclose the lien. Because Suburban had foreclosed its mortgages and the period for redemption was to expire on June 28, 1985, Israelson moved to bifurcate the action to resolve the issues of lien validity and priority before expiration of the redemption period. The trial court granted the motion under Minn.R.Civ.P. 42.02, ordering a trial on the issues of validity and priority but reserving the questions of the amount of the lien, interest, attorney's fees, and costs.

The trial court found that Israelson's lien was valid, at least as to some of the amounts claimed, but held that the lien was subordinate to Suburban's mortgages. A judgment on the validity and priority of the lien was entered, and Israelson appealed.

Suburban filed a notice of review but ultimately abandoned the appeal without filing a brief because the property forfeited to the State of Minnesota for delinquent

taxes on October 4, 1985, the date the tax redemption period expired.

## ANALYSIS

Minnesota Rule of Civil Appellate Procedure 104.01 provides that an appeal may be taken from a judgment within 90 days after its entry. However, "Rule 104.01 refers only to a *final* judgment, not to any order or so-called judgment which is not in fact final." *Financial Relations Board, Inc. v. Pawnee Corp.*, 308 Minn. 109, 112, 240 N.W.2d 565, 566 (1976) (emphasis in original).

In *Matter of Commodore Hotel Fire and Explosion Case*, 318 N.W.2d 244 (Minn.1982), the trial court bifurcated the trial of a negligence action and tried the issues of liability and damages separately. The supreme court subsequently held that a determination of the issue of liability as to all parties, though styled a judgment, was only a partial adjudication of a claim and was not appealable. The court concluded an appeal of right could be taken only upon the determination of damages, since all elements of the claim would then be decided and the judgment final. *See id.* at 246–47.

 Israelson appeals from nothing more than a determination of the priority of its lien as to all the parties. The amount of the lien and the interest accrued are undetermined. Thus, the "judgment" appealed from is only a partial adjudication of Israelson's claim and is not appealable. *See also Emporium of Jazz v. City of Mendota*, 374 N.W.2d 825, 827–28 (Minn. Ct.App.1985).

Although the judgment is not appealable of right, we are empowered to grant discretionary review in appropriate instances. *See* Minn.R.Civ.App.P. 105.01; *Commodore Hotel*, 318 N.W.2d at 247 n. 2; *State by McClure v. Sports & Health Club*, 370 N.W.2d 844, 848 (Minn.1985). We decline to grant discretionary review for several reasons. First, only Israelson filed a brief in this matter; the issues for review have therefore not "been fully

briefed in an adversarial proceeding." *See Sports & Health Club*, 370 N.W.2d at 848. The issue presented is not novel—the trial court's ruling involved no new or previously undecided question of lien priority law. Finally, the case is likely moot because the land forfeited to the state and the tax redemption period has expired.

## DECISION

Israelson's appeal was not taken from a final judgment determining its mechanic's lien claim. The case is not appropriate for discretionary review.

Appeal dismissed.