**In re the Marriage of Catherine Whiting GRAHAM, Petitioner, Respondent,**

v.

**John Remington GRAHAM, Appellant.**

**No. C9–85–2378.**

Court of Appeals of Minnesota.

May 13, 1986.

William L.H. Lubov, Lubov & Foster, Minneapolis, for respondent.

John Remington Graham, Brainerd, pro se.

## OPINION

POPOVICH, Chief Judge.

The parties were divorced in 1976. The original judgment and decree did not set child support. Appellant, an attorney, voluntarily paid $250 per month child support and parochial school tuition. In 1984, appellant reduced the amount of support to $150. Respondent moved for support at the guidelines level and the court set support at $250, below the guidelines level. However, child support is not an issue on appeal.

Appellant had countermoved for a change from sole custody in respondent to appellant, but during the proceedings moved for joint legal and physical custody. Following receipt of the court services' report and visitation mediation, the referee denied appellant's motion for change of custody, which was reviewed and affirmed by the trial court. On appeal, he argues only for joint legal custody. We remand.

## FACTS

Since the 1976 divorce, appellant has remarried and had two additional children. Respondent has not remarried.

Appellant submitted several affidavits tending to show respondent was turning the parties' child against appellant. In one affidavit, appellant stated:

> In spite of all the obvious shortcomings in her own behavior, Kay is trying to justify her militant opposition to a normal and prolonged relationship between Nathaniel and me on her expressed beliefs that I am crazy and dangerous * * *.

Appellant deposed Dr. Leonard Fielding, a psychiatrist, regarding the fitness of appellant and respondent. He testified, based upon a series of questions and appellant's recitation of the facts, the child's best interests would be served by changing custody. Dr. Fielding had not examined respondent, but had met her briefly. Neither respondent nor her attorney attended the deposition, although they received proper notice.

## ISSUE

Did the trial court err in denying appellant's request for a custody hearing?

## ANALYSIS

1. Appellant claims he was awarded the equivalent of joint legal custody in the 1976 decree which ordered sole custody to respondent subject to "the right of [appellant] to be consulted with respect to the education of the child." He argues since joint legal custody was not in existence in 1976, this court should recognize what he believes to be the "spirit" of the decree and award him joint legal custody.

A trial court has broad discretion to determine custody. *Peterson v. Peterson*, 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976). Unless the court's decision was arbitrary or a clear abuse of discretion, it cannot be set aside. *Kotila v. Kotila*, 351 N.W.2d 661, 662 (Minn.Ct. App.1984).

*Johnson v. Johnson*, 363 N.W.2d 355, 358 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. May 6, 1985). Appellant's argument, while novel, is not persuasive as dispositive.

2. Appellant further claims the trial court erred in denying his motion for joint legal custody. Respondent claims appellant failed to make the prima facie showing of endangerment required by *Nice-Peterson v. Nice-Peterson*, 310 N.W.2d 471 (Minn.1981), or the necessary showing of endangerment required by Minn.Stat. § 518.18 (1984). The trial court found appellant had not met his burden based on court services' recommendations, as well as on the absence of any substantiated allegations of endangerment.

A court may modify custody on a showing a change in the child's circumstances has occurred and modification is necessary to serve the best interests of the child. Minn.Stat. § 518.18(d) (1984). In applying this test, the court shall retain the custodian established by the prior order unless the custodian consents, the child has been integrated into the non-custodial parent's family with the custodian's consent, or the child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change is outweighed by advantage to the child. *Id.; see Nice-Peterson*, 310 N.W.2d at 472.

Here appellant sought change from sole custody in respondent to sole custody in appellant or, in the alternative, joint legal custody. Appellant does not challenge the trial court's denial of his motion for sole custody and we do not address that issue.

The factors to be considered in an award of joint custody, in addition to the best interests of the child, Minn.Stat. § 518.17, subd. 1 (1984), are found in Minn.Stat. § 518.17, subd. 2 (1984):

In addition to the factors listed in subdivision 1, where either joint legal or joint physical custody is contemplated or sought, the court shall consider the following relevant factors:

(a) The ability of parents to cooperate in the rearing of their children;

(b) Methods for resolving disputes regarding any major decision concerning the life of the child, and the parents' willingness to use those methods; and

(c) Whether it would be detrimental to the child if one parent were to have sole authority over the child's upbringing.

In this case, the court services investigated only changes in the visitation schedule and did not conduct a custody study, finding

It would appear throught [sic] conversations with Mr. Graham that he and Cath-

erine are beginning to talk more positively about their son, and it is my hope that the current pause with the visitation schedule will resolve themselves, given the above plan.

The court did not receive sufficient information from court services to evaluate appellant's joint custody motion. Court services did not conduct the necessary inquiry to determine whether appellant's claim that respondent was attempting to alienate the child had any merit. Moreover, court services made no investigation into the propriety of joint legal custody. Appellant presented affidavit evidence, as well as the psychiatrist's deposition, all indicating respondent has been attempting to alienate the child from appellant, systematically downgrading appellant, disparaging appellant's profession, saying that "all lawyers are dirty people." This is a serious charge that merits further investigation. The psychiatrist stated the present conditions endangered the child's emotional health and development. These charges, unchallenged by cross-examination, are serious and merit consideration.

3. Finally, the trial court used an improper standard in denying appellant's motion. The court stated, "there has been no prima facie showing that there would be an advantage to the child to change custody." The appropriate standards are those set out in this opinion.

■ We are not unmindful of the recently enacted 1986 legislation, chapter 406, amending Minn.Stat. § 518.17, subd. 2, mandating a rebuttable presumption in favor of joint legal custody. While the statute does not apply retroactively, we believe it is a strong indication of public policy as determined by the legislature.

## DECISION

The trial court erred in ruling appellant did not make a prima facie showing for change from sole legal custody to joint

legal custody because appellant made a prima facie showing of endangerment to the child's development. This matter is remanded for an evidentiary hearing on appellant's motion to modify custody from sole custody in respondent to joint legal custody with physical custody to remain in respondent.

Remanded.