**Ben SAM, as trustee for heirs and next of kin of Michael Sam, deceased, Respondent,**

v.

**DAIRYLAND INSURANCE CO., Appellant.**

**No. C1–92–742.**

Court of Appeals of Minnesota.

Sept. 29, 1992.

Review Denied Nov. 25, 1992.

---

John B. Wolfe, Wilbur W. Fluegel, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for respondent.

Mary R. Watson, Victor E. Lund, Mahoney, Dougherty and Mahoney, Minneapolis, for appellant.

Considered and decided by SCHUMACHER, P.J., and DAVIES and SCHULTZ, JJ.*

## OPINION

DAVIES, Judge.

Appellant Dairyland Insurance Company ("Dairyland") challenges the trial court's ruling on summary judgment that insurance coverage existed under a provision of respondent's policy extending coverage to newly acquired vehicles, but only if all vehicles owned by the insured were insured with appellant. Respondent claims this appeal is untimely because appellant did not appeal from a partial summary judgment determining only the coverage issue. We hold the appeal was properly taken from the final judgment determining damages, and we reverse and remand on the merits.

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

Respondent Ben Sam purchased an automobile insurance policy from appellant. The policy provides:

> We insure any car described on the declarations page and any car you replace it with. *We'll also insure any additional car you acquire if we insure, under this insurance, all cars you own.* But the replacement or addition is insured only if you notify us within 30 days of its acquisition.

(Emphasis added.)

On May 12, 1990, respondent's son died in a single-car accident while a passenger in a 1966 Buick owned by respondent. At that time, respondent owned three vehicles: a 1978 Dodge van, described in the policy's declarations page; the Buick; recently acquired and not yet insured; and a 1979 Ford pickup, purchased in May 1989 and never insured.

After the accident, but within 30 days of acquiring the Buick, respondent notified appellant so that this vehicle would be added to the policy. As for the Ford pickup, respondent provided affidavits stating that, although operable, it was uninsured, since he never intended to drive it. According to his July 16, 1991, supplemental affidavit, he stored the vehicle next to his home, where it was on sale from August 1989 until its purchase in September 1990.

As trustee and next-of-kin, respondent brought a declaratory judgment action, seeking a determination that the policy with appellant provided liability coverage for the Buick. The trial court granted summary judgment in favor of respondent, holding that the Buick was insured for liability coverage under the policy's provision for newly acquired vehicles. In the order for judgment, the trial court made the express determination that there is no just reason for delay and directed entry of judgment pursuant to Minn.R.Civ.P. 54.02. Judgment was entered on October 18, 1991. Subsequently, the trial court determined the amount of coverage available, and final judgment was entered on January 23, 1992. This appeal was filed on April 17, 1992.

## ISSUES

I. Where damages remain for the trial court's determination in a declaratory judgment action, is an adjudication of the question of insurance coverage appealable?

II. Did the trial court err in granting summary judgment?

## ANALYSIS

### I. Jurisdiction

An appeal may be taken within 90 days after entry of judgment. Minn.R.Civ. App.P. 103.03(a), 104.01. According to the supreme court, "Rule 104.01 refers only to a *final* judgment, not to any order or so-called judgment which is not in fact final." *Financial Relations Bd., Inc. v. Pawnee Corp.*, 308 Minn. 109, 112, 240 N.W.2d 565, 566 (1976) (emphasis in original). Partial judgment of less than all the claims may be appealed only upon an express determination that there is no just reason for delay and upon an express direction of the entry for judgment pursuant to Minn.R.Civ.P. 54.02. *See* Minn.R.Civ.App.P. 104.01.

In this case, the trial court did make the express determinations that there is no just reason for delay and for entry of judgment in the order underlying the October 18, 1991, partial judgment. Respondent argues that this appeal must be dismissed as untimely because appellant failed to appeal the October 18 judgment within 90 days. We disagree.

A determination of liability, without determination of damages, is a *partial adjudication* of a claim and not a *partial judgment* of an entire claim. A partial adjudication is not appealable. *In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 246 (Minn.1982).

Our supreme court has held that a declaratory judgment on coverage issues only is appealable prior to arbitration proceedings on damages. *Austin Mut. Ins. Co. v. Templin*, 428 N.W.2d 387, 389 (Minn. 1988). In this case, by contrast, damages were determined by the trial court in the declaratory judgment proceeding, rather

than in another forum. *Austin Mutual* is distinguishable from this case because adjudication of the coverage issue here did not conclude the declaratory judgment action.

Because the October 18, 1991, judgment determined only part of a claim, it was not appealable despite the trial court's Rule 54.02 certification. This appeal thus was properly and timely taken from the final judgment entered on January 23, 1992.

## II. Summary Judgment

■ Appellant, urging a literal reading of the phrase "all cars you own," first argues that ownership of the uninsured 1979 pickup precludes coverage on the 1966 Buick. On remand we ask the trial court to consider again the question of how the policy should be read on the coverage issue, including consideration of the doctrine of reasonable expectations from the perspective of both parties.

Appellant also argues that the trial court erred in granting summary judgment for respondent, claiming that, even if the trial court's interpretation of the policy is correct, a material issue of fact exists regarding respondent's intent to use the uninsured Ford pickup. This fact affects whether the pickup had to be insured under the compulsory insurance aspect of the Minnesota No–Fault Act and, in turn, whether the Buick was covered under the policy's "newly acquired vehicle" language.

On an appeal from summary judgment, this court must determine

(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condo.*, 281 N.W.2d 328, 330 (Minn.1979). The supreme court defines a material fact as "one of such a nature as will affect the result or outcome of the case depending upon its resolution." *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 229, 219 N.W.2d 641, 646 (1974).

The trial court concluded that, under the Minnesota No–Fault Act, respondent was not required to insure his pickup. Thus, reading respondent's policy in conjunction with the No–Fault Act, if respondent never intended to use the Ford pickup, his failure to insure that vehicle does not defeat coverage of the Buick under the newly acquired vehicles provision.

Under the No–Fault Act:

Every owner of a motor vehicle of a type which is required to be registered or licensed or is principally garaged in this state shall maintain *during the period in which operation or use is contemplated* a plan of reparation security.

Minn.Stat. § 65B.48, subd. 1 (1990) (emphasis added).

Whether an owner contemplates use of a vehicle is inherently a question of fact. *Kvitek v. State Farm Mut. Auto. Ins. Co.*, 438 N.W.2d 425, 427 (Minn.App.1989). Appellant argues that respondent's own affidavits impeach his "self-serving" statement that he did not intend to use the Ford pickup. Respondent purchased the pickup in May 1989, and owned it for a year prior to this claim. His first affidavit avers that he did not use the pickup from August 1989 until September 1990, when he sold it, which suggests that he may have used the pickup without insurance and in violation of law from May 1989 to August 1989. (We note, however, that the period of possible violation suggested by this affidavit does not include the month the accident occurred.)

Appellant also points out that the affidavit of Dawn D. Boyd, assistant deputy registrar for the Motor Vehicle Administration, Mille Lacs Band of Chippewa Indians, shows that office registered the Ford pickup on April 27, 1990, after respondent had informed that office that it was insured by appellant. Ms. Boyd also stated that her office "requires residents of the reservation to register all vehicles *which they intend to drive.*" (Emphasis added.)

These circumstances, coupled with respondent's statements that the Ford pickup was operable and was stored beside his house, give rise to an inference that, despite respondent's statements to the contrary, respondent may have intended to use (and may actually have used) the uninsured Ford pickup. The truth or falsity of the inference is a jury question or, if true, the

No–Fault Act required respondent to insure the vehicle. Consequently, an issue of material fact exists, and summary judgment is inappropriate.

## DECISION

This appeal was properly taken from the final judgment determining damages. We reverse and remand the grant of summary judgment on the question of insurance coverage.

Reversed and remanded.