*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0380**

State of Minnesota ex rel. Ken Elder,
Appellant,

vs.

U.S. Bank N. A.,
Respondent.

**Filed December 26, 2023**
**Affirmed**
**Halbrooks, Judge[*]**

Hennepin County District Court
File No. 27-CV-19-20248

Charles N. Nauen, David J. Zoll, Lockridge Grindal Nauen P.L.L.P., Minneapolis, Minnesota; and

David S. Golub (pro hac vice), Silver Golub & Teitell LLP, Stamford, Connecticut (for appellant)

Julie R. Landy, Machen Picard Bihrle, Faegre Drinker Biddle & Reath LLP, Minneapolis, Minnesota; and

Kasey J. Curtis (pro hac vice), Reed Smith LLP, Los Angeles, California (for respondent)

        Considered and decided by Ross, Presiding Judge; Gaïtas, Judge; and Halbrooks, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**HALBROOKS**, Judge

Appellant challenges the district court's dismissal of his claims against respondent-bank under the Minnesota False Claims Act (MFCA), Minn. Stat. §§ 15C.01-.16 (2022). Because we conclude that the district court did not err in dismissing appellant's complaint with prejudice based on his failure to plead the claims with particularity, we affirm.

## FACTS

Appellant Ken Elder brought this qui tam[1] action against respondent U.S. Bank, N.A. (the bank). Through his amended complaint, Elder asserts that the bank violated the MFCA by remitting to Ohio, and failing to remit to Minnesota, unclaimed cashier's checks that Elder alleges were purchased in Minnesota. Elder asserts that the checks were escheatable[2] to Minnesota under the state's Uniform Disposition of Unclaimed Property Act, Minn. Stat. §§ 345.31-.60 (2022) (UPA). He alleges that, "since 2012 (and, on information and belief, in prior years) and continuing to date, [the bank] knowingly failed to pay to the Commissioner [of Commerce] millions of dollars in amounts owing on thousands of uncashed cashier's checks subject to escheatment to the State of Minnesota pursuant to the UPA and has knowingly filed false annual abandoned property reports with

---

[1] Qui tam is "[a]n action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive." *Black's Law Dictionary* 1505 (11th ed. 2019). In Minnesota, the MFCA provides for qui tam actions. *See* Minn. Stat. § 15C.13. (2022).

[2] Escheatment is the process by which unclaimed property reverts to the state. *Texas v. New Jersey*, 379 U.S. 674, 675 (1965).

the Commissioner each year omitting such checks from the listing of its abandoned property subject to escheatment."

Elder is a Michigan resident who has no apparent relationship to the bank, but he alleges that he has "made an independent investigation of" bank data available to him. He alleges the number of checks escheated to Ohio and their total value for each year between 2014 and 2019. He alleges the identities of payees on some of the escheated checks and asserts that those identities "mak[e] it extremely implausible that such cashier's checks were subject to escheatment in Ohio." And he alleges that fewer than nine percent of the bank's branches are located in Ohio and asserts that "the overwhelming majority (90%+) of these checks were not subject to Ohio's escheatment laws."

Based on his allegations, Elder asserts that the bank has violated the MFCA by knowingly (1) failing to remit to Minnesota amounts escheatable to Minnesota under the UPA, (2) concealing or avoiding its obligation to pay the state money, and (3) making a false record or statement material to its obligation to pay, all in violation of the MFCA. *See* Minn. Stat. § 15C.02(a)(4), (7).[3]

Consistent with the procedural requirements of the MFCA, Elder filed his complaint under seal, giving the state an opportunity to intervene. *See* Minn. Stat. § 15C.05-.07 (stating procedural requirements). The state declined to intervene. The bank removed the

---

[3] Elder alleges violations of the MFCA beginning as early as 2012. The act was amended in 2013 and 2019. *See* 2013 Minn. Laws ch. 16, §§ 1-8 at 95-101; 2019 Minn. Laws 1st Spec. Sess. ch. 9, art. 2, § 5, at 1522-23. The parties do not assert any impact of these amendments on our analysis, and we discern none. We therefore apply the current version of the act.

case to federal court, but it was subsequently remanded. *See Minn. ex rel. Elder v. U.S. Bank, N.A.*, No. 21-CV-1753, 2022 WL 781089 (D. Minn. Mar. 15, 2022).

Following remand, the bank moved to dismiss on numerous grounds. Relevant to this appeal, the bank argued that the amended complaint failed to plead the MFCA claims with the particularity required by Minnesota Rule of Civil Procedure 9.02 and failed to state claims upon which relief could be granted. The bank asserted that it could not be liable for knowingly withholding or failing to report sums owed to Minnesota because it was required to follow federal law regarding escheatment priority and reasonably understood that law to provide for escheatment to Ohio in the circumstances identified by Elder. The district court granted the motion on both grounds, reasoning that Elder had failed to particularly plead facts to support his claims and that the facts pleaded would not demonstrate a knowing violation of the MFCA given uncertainties regarding the application of federal law.

This appeal follows.

## DECISION

We review de novo a district court's decision to grant a motion to dismiss. *Halva v. Minn. State Colls. & Univs.*, 953 N.W.2d 496, 500 (Minn. 2021). On review, we must "accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Id.* (quotation omitted). A district court may dismiss a complaint if it fails to state a claim upon which relief could be granted. Minn. R. Civ. P. 12.02(e). To survive, a complaint must include "a short and plain statement . . . showing that the pleader is entitled to relief." Minn. R. Civ. P. 8.01. For averments of fraud, a

4

plaintiff must meet a higher standard by stating the claim with "particularity." Minn. R. Civ. P. 9.02.

We begin our de novo review by examining the nature of Elder's claims under MFCA. The MFCA "permits, under certain circumstances, a plaintiff to bring a private cause of action to collect funds *due to* the State." *Phone Recovery Servs. v. Qwest Corp.*, 919 N.W.2d 315, 319 (Minn. 2018) (emphasis in original); *see also* Minn. Stat. § 15C.05 (authorizing private remedies).[4] The Minnesota appellate courts have had only a couple of opportunities to address claims under the MFCA. *See Phone Recovery Servs.*, 919 N.W.2d at 315; *State ex rel. Knudsen v. AT&T Mobility Nat'l Accts., LLC*, No. A21-0054, 2021 WL 6109577, at *1 (Minn. App. Dec. 27, 2021).[5] But the MFCA mirrors the federal False Claims Act (FCA), 31 U.S.C. §§ 3729-3733 (2018). *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1069 n.6 (8th Cir. 2016). We therefore may take guidance from federal cases applying the FCA. *Cf. Kolton v. County of Anoka*, 645 N.W.2d 403, 407 (Minn. 2002) (explaining that reliance on interpretations of federal antidiscrimination statutes is appropriate when interpreting the Minnesota Human Rights Act if the provisions at issue are similar to federal provisions).

This matter involves "reverse" MFCA claims, in which "the plaintiff alleges that the defendant did not turn over all monies due to the State." *Phone Recovery Servs.*, 919

---

[4] A private party who prevails in a claim under the MFCA is entitled to a portion of the recovery as well as attorney fees and costs. *See* Minn. Stat. §§ 15C.12-.13.

[5] We cite this nonprecedential opinion for its persuasive authority. Minn. R. Civ. App. P. 136.01, subd. 1(c).

N.W.2d at 319 (citing Minn. Stat. §§ 15C.02(a)(4), (7) (2016)). Elder asserts a claim under Minn. Stat. § 15C.02(a)(4), which imposes liability when a person "has possession, custody, or control of property or money used, or to be used, by the state or a political subdivision and knowingly delivers or causes to be delivered less than all of that money or property." And Elder asserts two claims under Minn. Stat. 15C.02(a)(7), which imposes liability when a person "knowingly makes or uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a political subdivision *or* knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state or a political subdivision." (Emphasis added.)

On appeal, Elder argues that the district court erred by (1) determining that he did not plead his claims with the required particularity; (2) dismissing his claims with prejudice; and (3) determining, in the alternative, that he did not state viable claims under the MFCA. We address Elder's first two arguments below, and because our resolution of those arguments is dispositive, we do not reach Elder's third argument.

## I. The district court did not err by determining that Elder failed to plead his claims with the required particularly under rule 9.02.

Elder first argues that the district court erred by dismissing his claims for failure to comply with the requirements of rule 9.02, which requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Minn. R. Civ. P. 9.02. Although the Minnesota appellate courts have not yet addressed the issue, the federal courts have generally recognized the FCA as an "anti-

6

fraud statute" and reasoned that "complaints alleging violations of the FCA must comply with Rule 9(b) of the Federal Rules of Civil Procedure." *U.S. ex rel. Benaissa v. Trinity Health*, 963 F.3d 733, 738-39 (8th Cir. 2020) (quotation omitted). We take guidance from the federal cases not only because the MFCA tracks the FCA but because of the substantial similarities between Minnesota Rule of Civil Procedure 9.02 and Federal Rule of Civil Procedure 9(b). *See Kolton*, 645 N.W.2d at 407; *In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 246 (Minn. 1982) (explaining that cases interpreting federal rule are "instructive" in interpreting an identically worded state rule).

Under Minnesota law, "[t]o plead with particularity is to plead the ultimate facts or the facts constituting fraud." *Hardin Cnty. Sav. Bank v. Hous. & Redevelopment Auth. of Brainerd*, 821 N.W.2d 184, 191 (Minn. 2012) (quotations omitted). "[F]acts underlying each element of the fraud claim" must be pleaded. *Id.* The federal courts have reasoned that a false-claims plaintiff may satisfy the particularity requirements of rule 9(b) "by pleading (1) representative examples of the false claims, or (2) the particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Benaissa*, 963 F.3d at 739; *see also United States ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 89-93 (2d Cir. 2017) (comparing approaches of various federal circuits in applying rule 9(b) to claims under false-claims act).[6]

---

[6] *Chorches* recognizes perceived disagreement among the federal circuits regarding the appropriate application of rule 9(b) to FCA claims, but reasons that "broad pronouncements in early cases have been refined in ways that suggest a case-by-case approach that is more consistent than might at first appear." 865 F.3d at 89. The Eighth Circuit's formulation of

7

Having reviewed Elder's amended complaint in the context of these pertinent authorities, we agree with the district court that Elder failed to plead his MFCA claims with particularity as required by rule 9.02. Elder does not allege that he has any relationship to the bank and does not claim to have insider knowledge of the bank's alleged violations of the UPA. Instead, he alleges that he "has made an independent investigation of the [bank] data available for the period from 2014 through 2019." Elder does not explain what data he received, and, critically, he does not identify any individual check that he asserts was wrongly remitted to Ohio instead of Minnesota, much less a representative sample of such checks. Elder does allege that the bank violated the UPA by submitting false reports and failing to remit amounts owed to Minnesota, but these conclusory, legal assertions are insufficient. *See Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010) (stating that legal conclusions in complaints are not binding and that "[a] plaintiff must provide more than labels and conclusions"). And the amended complaint is devoid of factual allegations to support the conclusions. Thus, as the district court concluded, the amended complaint "is replete with assumptions and generalities and does not meet the requisite level of particularity for his MFCA claims."[7]

_____

the test in *Benaissa* reflects the more liberal formulation of the federal test, and because we conclude that Elder has not met it, we need not determine whether a more strict test should apply to claims under the MFCA.

[7] Elder relies on decisions from two other jurisdictions that have declined to dismiss, for failure to plead with particularity, complaints brought by Elder based on similar allegations. *See Ill. ex rel. Elder v. JPMorgan Chase Bank, N.A.*, 624 F. Supp. 3d 943, 952-53 (N.D. Ill. 2022); *JPMorgan Chase Bank, N.A. v. Superior Ct.*, 85 Cal. App. 5th 477, 494-97 (2022), *as modified on denial of reh'g* (Dec. 12, 2022). To the extent that these decisions are apposite, they are not binding on us, and we do not find them persuasive.

Elder asserts that the district court erred in dismissing the amended complaint under rule 9.02 because the rule allows knowledge to be "averred generally." Minn. R. Civ. P. 9.02. He posits that the district court misunderstood our reasoning regarding the scienter requirement in *Knudsen*. But as we explained in *Knudsen*, "[t]hough scienter may be alleged generally, the relator cannot rely solely on broad legal conclusions." 2021 WL 6109577, at *6. Because the relator in that case "d[id] not allege a single fact in support of [the scienter] allegations," we concluded that the "conclusory allegations [of knowledge] are not enough under rule 9.02 for a claim under the MFCA." *Id.* at *7. As the district court noted, Elder's complaint "suffers the same fatal flaw" as the amended complaint in *Knudsen* by pleading only general allegations of knowledge with no specific facts that would support an inference of knowledge. Moreover, even if we were to conclude that Elder's scienter allegations were sufficient, we would still conclude that the district court properly dismissed the amended complaint based on Elder's failure to plead with particularity the bank's submission of false claims or reports.

Elder also asserts that the district court erred by dismissing his claim under Minn. Stat. § 15C.02(a)(4) because that claim is not "fraud-based" and thus need not be pleaded with particularity. We are not persuaded, for two reasons. First, rule 9.02 applies to "averments of fraud." Elder has alleged fraudulent activity by the bank, including that the bank has "wrongly determined to falsely exploit the favorable aspects of Ohio's

---

*See Citizens for a Balanced City v. Plymouth Congregational Church*, 672 N.W.2d 13, 20 (Minn. App. 2003) (explaining that we are bound by U.S. Supreme Court and Minnesota Supreme Court but not by decisions of other federal courts).

escheatment laws applicable to [uncashed] cashier's checks subject to escheatment to the State of Minnesota . . . by fraudulently asserting that the uncashed cashier's checks it is holding . . . are subject to Ohio's escheatment laws." Like his other MFCA claims, Elder's claim under Minn. Stat. § 15C.02(a)(4) is based on this alleged fraudulent conduct, and thus the claim is subject to the heightened pleading standard of rule 9.02.

Second, as the district court explained, the vast majority of federal courts have not distinguished between types of claims in requiring claims under the FCA to be pleaded with particularity. *See, e.g., Lanahan v. County of Cook*, 41 F.4th 854, 861 (7th Cir. 2022) ("Claims arising under the FCA, an antifraud statute, are subject to Rule 9(b)'s heightened pleading standard."); *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) ("Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b).").[8] Elder relies on an unpublished decision in which a federal district court applied the pleading standard of Federal Rule of Civil Procedure 8(a) to a claim under a provision of the FCA that is parallel to Minn. Stat. 15C.02(a)(4). *U.S. ex rel. Harbit v. Consultants in Gastroenterology, P.A.*, No. 3:19-CV-03403-JMC, 2021 WL 1197124 (D.S.C. Mar. 30, 2021). We do not find *Harbit* persuasive because, like the district court in this case, we are not persuaded that it is appropriate to parse out claims under the MFCA in determining what pleading standard to apply. Based on the nature of

---

[8] As the district court also explained, the federal courts have broadly held that rule 9(b) applies to FCA claims even following 2009 amendments on which Elder relies to argue that rule 9(b) no longer applies. *See, e.g., Lanahan*, 41 F.4th at 861-62 (applying rule 9(b) in post-amendments case involving claim under parallel provision to Minn. Stat. § 15C.02(a)(7)); *see also U.S. ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 438 (6th Cir. 2016) (describing 2009 amendments to FCA).

Elder's allegations and the anti-fraud purpose of the MFCA, we conclude that the district court did not err by requiring Elder to plead each of his claims with particularity.

## II. The district court did not abuse its discretion by dismissing the amended complaint with prejudice.

Elder next argues that, even if the amended complaint failed to comply with rule 9.02, he should have been allowed to replead. We review for abuse of discretion a district court's decision to dismiss a complaint without allowing an opportunity to amend. *Forslund v. State*, 924 N.W.2d 25, 37 (Minn. App. 2019). The bank argues that the district court did not abuse its discretion because Elder did not properly request leave to amend. We agree.

We have held that a district court does not abuse its discretion by dismissing with prejudice when the plaintiff does not bring a motion for leave to amend. *See id.*; *St. James Cap. Corp. v. Pallet Recycling Assocs. of N. Am., Inc.*, 589 N.W.2d 511, 517 (Minn. App. 1999). In this case, Elder not only failed to make a formal motion to amend, he also did not request from the district court an opportunity to amend in his written opposition to the motion to dismiss or at the hearing on the motion. Thus, it does not appear that Elder preserved for appellate review the issue of whether his claims should be dismissed with prejudice. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that appellate courts generally address only those questions previously presented to and considered by the district court). Elder's counsel did suggest during the hearing on the motion to dismiss that more specific allegations could be added through amendment. To the extent that the district court construed this suggestion as a request for leave to amend, the district court

11

did not abuse its discretion in denying that request. *See Forslund*, 924 N.W.2d at 37; *St. James Cap. Corp.*, 589 N.W.2d at 517.

**Affirmed.**